UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE AMBER DEBREE

     Movant,

Case No. 22-misc-0021-bhl

## ORDER DENYING MOTION

On June 10, 2022, Movant Amber Debree filed a "Notice of Motion and Motion to Show Cause Exparte Emergency Enforcement of Child Custody determination Wis. Statue [sic] 822.38" in this Court. The Movant seeks a temporary restraining order granting her immediate physical custody of her son, who appears to be the subject of ongoing state court proceedings involving the Kenosha Department of Children and Family Services (KDCFS). It appears that the Movant objects to a state court order authorizing her son's foster parents to take him on an out-of-state trip.

Movant cites various state statutes, including Wis. Stat. 822.40 and 822.41 and accuses the state court of bias and "actions off record." She attaches a number of emails and correspondences with the KDCFS case manager assigned to her son's case, as well as pleadings and other materials referencing underlying state court proceedings related to her son's custody.

The emergency motion must be denied. This Court does not sit as an appellate court reviewing rulings of state court judges. *See Edwards v. Illinois Bd. of Admissions to Bar*, 261 F.3d 723, 728 (7th Cir. 2001) ("lower federal courts do not have subject matter jurisdiction to review state court civil decisions"). Movant also does not assert any causes of action that would bring her request for relief within this Court's authority. Indeed, even if she had attempted to do so, federal courts are generally without jurisdiction to hear cases involving family law questions, which are traditionally reserved to the states. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("'[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'"); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that federal courts lack jurisdiction over domestic relations cases where the relief sought would involve, among other things, child custody decrees); *Allen v. Allen*, 48 F.3d 259, 262 (7th Cir. 1995) ("adjudication of a

fundamental custody dispute belongs in the state court"). Movant must seek relief from the state court system.

Accordingly,

**IT IS HEREBY ORDERED** that the Movant's motion is **DENIED**.

Dated at Milwaukee, Wisconsin on June 10, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge